1  Patric A. Lester (SBN 220092)
   pl@lesterlaw.com
2  5694 Mission Center Road, #385
   San Diego, CA 92108
3  Phone (619) 665-3888
   Fax (314) 241-5777
4
   Scott M. Grace (SBN 236621)
5  sgrace@lawlh.com
   Luftman, Heck & Associates, LLP
6  1958 Sunset Cliffs Blvd.
   San Diego, CA  92107
7  Phone: (619) 346-4612
   Fax:  619-923-3661
8
   Attorneys for Plaintiff Steve Cortner
9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE C. CORTNER, | Case No. '12CV1732 H   WVG |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| ACB RECOVERY, | |
| Defendant. | |

**INTRODUCTION**

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Steve C. Cortner, ("Plaintiff") for ACB Recovery's hereinafter ("Defendant") violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, *California Civil Code* § 1788 *et seq*. (hereinafter "the Rosenthal Act") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the Telephone Consumer Protection Act, *47 U.S.C. §277* et seq, (hereinafter "TCPA") which prohibits the making of unconsented to phone calls to cell phones.

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4. This action arises out of Defendant's violations of the FDCPA, the Rosenthal Act and the TCPA.

5. Venue is proper in this Court pursuant to 28 U.S.C.§1391.

## THE PARTIES

6. Plaintiff is a natural person residing in Yacaipa, California, and is a consumer within the meaning of §1692a(3) of the FDCPA in that he is a natural person purportedly obligated to pay a credit card debt and a "debtor" as that term is defined by § 1788.2(h) of the Rosenthal Act. Plaintiff is a "person" as defined by 47 U.S.C. §153(32) All undesignated section references to 47 U.S.C. §277 are to the TCPA.

7. At all times relevant herein, Defendant, was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by *§1692a(5)* of the FDCPA, and consumer debts as defined by *§ 1788.2(f)* of the Rosenthal Act. Defendant regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of *§1692a(6)* of the FDCPA and *§1788.2(c)* of the Rosenthal Act. Defendant is, and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153(32)

8. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

## FACTUAL ALLEGATIONS

9. At all times herein, Defendant, was attempting to collect, from Plaintiff, a debt as defined by *§1692a(5)* of the FDCPA and a consumer debt as defined by *§ 1788.2(f)* of the Rosenthal Act.

10. Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt with the intent to annoy, abuse and/or harass him.

11. The phone calls were communications within the meaning of *§1692a (2)*.

12. By engaging in this conduct the natural consequence being harassment and oppression of the Plaintiff in connection with the collection of a debt, Defendant violated *§1692d*.

13. On multiple occasions within the past four years, Defendant contacted Plaintiff on his cellular telephones via an "automatic telephone dialing system," as defined by *47 U.S.C. §227(a)(1)*.

14. During these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by *47 U.S.C. §227(b) (1) (A)*.

15. These telephone calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. §227(b) (1) (A)*.

16. Plaintiff did not provide prior express consent to receive calls on her cellular telephone, pursuant to *47 U.S.C. §227(b) (1) (A)*.

17. These telephone calls by Defendant to Plaintiffs cellular phone number violated *47 U.S.C. §227(b) (1)(iii)*.

18. Defendant's misconduct in placing calls to Plaintiff's cell phone was willful and knowing, and the Court should treble the amount of statutory damages recoverable to Plaintiff pursuant to *47 U.S.C. §227(b)(3)(C)*.

19. On March 16, 2012 Defendant sent Plaintiff a collection letter attempting to collect on the above debt.

20. On March 25, 2012 Luftman, Heck & Associates, LLP attorneys at law faxed Defendant their notice of representation of Cortner thereby communicating to Defendant that Plaintiff was represented by counsel. Cortner's attorneys received verification of the receipt of the fax by Defendant. Additionally Cortner's attorneys had further communications with Defendant after this fax regarding the alleged debt.

21. Defendant knew or could readily ascertain Plaintiff's attorney's name and address.

22. Defendant knew or had knowledge that Plaintiff's counsel had not consented to a direct communication with Plaintiff.

23. On May 1, 2012 Defendant sent Plaintiff a letter attempting to collect the alleged debt. This was a communication within the meaning of *§1692a(2)* of the FDCPA. A true and accurate copy of that letter is attached hereto and fully incorporated by reference as Plaintiffs Exhibit "A".

24. Defendant knew that Plaintiff was represented by counsel when it sent that collection letter, in Exhibit A to Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

25. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

26. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, *15 U.S.C. § 1692 et seq.*

27. As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to *15 U.S.C. § 1692k(a)(1)*; statutory damages in an amount up to $1,000.00 pursuant to *15 U.S.C. § 1692k(a)(2)(A)*; reasonable attorney's fees and costs pursuant to *15 U.S.C. § 1692k(a)(3)* from defendant.

## SECOND CLAIM FOR RELEIF

### (Claim for violations of the Rosenthal Act)

28. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs preceding the First Claim for Relief.

29. Defendant's acts and omissions violated the Rosenthal Act including, but not limited to *§1788.17*. Defendant's violations of *§ 1788.17* of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in the above First Claim for Relief.

30. Defendant's acts and omissions also violated *§ 1788.14(c) of* the Rosenthal Act by initiating communications with the debtor when the debtor had previously been notified that he was represented by an attorney.

31. Plaintiff is entitled to statutory damages of $1000.00 under *§1788.30(b)* for Defendant violations, as enumerated above, of *§ 1788.14(c)*.

32. Pursuant to *§1788.32,* the remedies provided under *§§1788.30(b)* and *1788.17* are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may

1 have under any other provision of law.

2  33.  Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *§ 1788.30(b)* of the Rosenthal Act.

4  34.  Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

### THIRD CLAIM FOR RELIEF

### (Negligent Violations Of The Telephone Consumer Protection Act)

35.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.  The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of *47 U.S.C. §227 et seq.*

37.  As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to *47 U.S.C. §227(b) (3) (B)*.

38.  Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### FOURTH CLAIM FOR RELIEF

### (Knowing And/Or Willful Violations Of The Telephone Consumer Protection Act)

39.  Plaintiff incorporates by reference all of the above paragraphs before his Third Count for Relief as though fully stated herein.

40.  The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of *47 U.S.C. §227 et seq.*

41.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation,

1 pursuant to *47 U.S.C. §227(b)(3)(C).*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff requests this Court:

(1) Assume jurisdiction in this proceeding.

(2) Award statutory damages of an amount not exceeding $1,000.00 pursuant to *§ 1692k(a)(2)(A)* of the FDCPA;

(3) Award actual damages in accordance with proof at trial, pursuant to *§1692k(a)(1)*;

(4) Award statutory damages of an amount not exceeding $1,000.00 pursuant to *§1788.30(b)* of the Rosenthal Act for violation of *§ 1788.17* of the Rosenthal Act;

(5) Award of statutory damages of $1000.00 pursuant to *§ 1788.30(b)* of the Rosenthal Act for violation of *§ 1788.14(c)*;

(6) Award of the costs of litigation and reasonable attorney's fees, pursuant to *§1692k (a) (3)* of the FDCPA and *§ 1788.30(c)* of the Rosenthal Act;

(7) Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*

(8) Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to *47 U.S.C. §227(b) (3) (B)*

(9) Such other and further relief this court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated July 12, 2012

*s/ Patric A. Lester*
Patric A. Lester
Attorney for Plaintiff,
Steve Cortner